AO 472 (Rev. 09/16) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America )
v. )
) Case No. 22-30304
Sheldon Avery Thomas )
*Defendant* )

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(e)** any felony that is not otherwise a crime of violence but involves:
**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above.

**OR**

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

## Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☐ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☑ Weight of evidence against the defendant is strong
☐ Subject to lengthy period of incarceration if convicted
☐ Prior criminal history
☐ Participation in criminal activity while on probation, parole, or supervision
☐ History of violence or use of weapons
☐ History of alcohol or substance abuse
☐ Lack of stable employment
☐ Lack of stable residence
☐ Lack of financially responsible sureties
☐ Lack of significant community or family ties to this district

☐ Significant family or other ties outside the United States
☐ Lack of legal status in the United States
☐ Subject to removal or deportation after serving any period of incarceration
☐ Prior failure to appear in court as ordered
☐ Prior attempt(s) to evade law enforcement
☐ Use of alias(es) or false documents
☐ Background information unknown or unverified
☐ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

See Page 4

### Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: July 13, 2022

*Jonathan J.C. Grey*
*Judge's Signature*

Jonathan J.C. Grey, U.S. Magistrate Judge
*Name and Title*

The Court's findings and reasons for ordering detention, including its consideration of the the Title 18 United States Code Section 3142(g) factors were stated in full on the record at the detention hearing on July 12, 2022 and are fully incorporated herein. Coupled with the findings stated in this order, the Court finds by clear and convincing evidence that there is no condition or combination of conditions which will reasonably assure the safety of the community if Mr. Thomas were released. The report of the Pre-Trial Services Department recommended that the Court detain Mr. Thomas. The Court adopts the assessments of the Pre-Trial Services report regarding risk of danger based upon the following: nature of the offense of making a false statement in the acquisition of a firearm and criminal association. The Court agrees that no reasonable bond conditions exist, particularly given the proferred evidence of Mr. Thomas's knowing transfer of a firearm to an individual who could not legally possess a firearm, and his alleged numerous false statements on multiple federal transaction record forms.

Regarding the nature and circumstances of the charged offense, the government alleges that Mr. Thomas lied on the Alcohol, Tobacco, Firearms and Explosives Form 4473 when he affirmed he was the actual buyer of a firearm. Mr. Thomas subsequently allegedly sold the firearm to Ehmani Davis, an individual who could not legally possess a firearm. Mr. Davis allegedly fatally shot a police officer with that firearm. Mr. Davis was killed by officers who allegedly returned fire. The government alleged, based on text messages and recordings that Mr. Thomas had a close friendship with Mr. Davis and that they discussed Mr. Davis's time in jail, armed standoffs with a sibling, and dangerous reputation. Indeed, the government alleged that Mr. Thomas identified Mr. Davis as his best friend. The Court finds that there is a reasonable inference that Mr. Thomas knew of Mr. Davis's criminal history and troubled conduct. This factor weighs in favor of detention.

Regarding the weight of the evidence for the alleged offense, the government proffered strong evidence against Mr. Thomas. In addition to the above, the government alleged that the ammunition Mr. Thomas purchased for Mr. Davis had the ability to pierce armor and that there was a specific request for "hallow"[sic] ammunition. Further, since there is no national registry of firearm purchases, it is unclear how many firearms Mr. Thomas may have purchased for himself or on behalf of other individuals. The government indicated that at least one firearm purchased by Mr. Thomas is unaccounted for. These allegations raise serious concerns about the safety of the community. Additionally, the Court placed no weight on Mr. Thomas's arrest for felony homicide because of the defense's proffer that Mr. Thomas acted in self-defense, which resulted in the charge being dropped. Nevertheless, this second factor weighs in favor of detention.

Regarding Mr. Thomas's personal history and characteristics, Mr. Thomas's alleged conduct presents a great risk of harm to the community, despite significant family support, history of employment, and clean criminal record. His alleged repeated lapses in judgment by lying and providing firearms to one or more individuals also results in a finding that this third factor weighs in favor of detention. If the government's allegations are true, he exhibited a blatant disregard for the community's safety.

Regarding the nature and seriousness of risk of dangers to others and the community at large, the Court finds that Mr. Thomas's release would pose too great of a danger. The government's proffer outlined Mr. Thomas's commitment over several months to purchase a firearm for Mr. Davis and multiple attempts to actually do so. The allegations indicate the existence of at least one unaccounted-for firearm. The Court also finds that Mr. Thomas reasonably foresaw that his straw purchase could result in injury to someone in the community given his alleged description of his best friend as someone not to be messed with and the reasonable inference that he knew that Mr. Davis had a propensity for violence and/or violent threats given his recent arrest. This last factor, too, weighs in favor of detention. The Court concludes that no conditions or combination of conditions exist to reasonably assure the safety of any other person or the community. Accordingly, the Court GRANTS the government's motion for detention.