UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                      CASE NO. 22-cr-30304

v.

SHELDON AVERY THOMAS,

       Defendant,
_____/

## MOTION FOR REVOCATION OF DETENTION ORDER AND RELEASE ON BOND

Defendant, Sheldon Thomas, through his attorney, Leon A Parker of the Federal Community Defender Office, moves this Honorable Court, pursuant to 18 U.S.C. § 3145(b) and Local Rule 57.2, to revoke the detention order and grant him bond.[1] In support of his motion, Mr. Thomas files a supporting brief and states as follows:

1. On or about July 9, 2022, the Government filed a criminal complaint against Mr. Thomas, alleging that he committed a crime under 18 U.S.C.

---

[1] The detention order being appealed was entered by a magistrate judge in a criminal proceeding which has not been assigned to a district judge. Accordingly, under Local Rule 57.2, the appeal is properly before the presiding Article III duty judge on the date the bond order was entered.

§ 922(a)(6)- False Statement in Acquisition of a Firearm. On or about July 10, 2022, Mr. Thomas made his initial appearance.

2. On or about July 12, 2022, a detention hearing was held. After considering the factors set forth in 18 U.S.C. § 3142(g), and the information presented at said hearing, the court found there was clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of the community. ( Order of Detention Pending Trial, ECF No. 11).

3. Mr. Thomas requests that this Court release him on bond, and thus, revoke the previous order of detention. This Court has the authority to review the order of detention pursuant to 18 U.S.C. § 3145(b).

4. A review of Mr. Thomas' history and characteristics, and an objective analysis of the information presented in support of the allegation, clearly establish that conditions exist which would reasonably assure that Mr. Thomas' release would neither pose a danger to any person or the community.

5. Pursuant to Local Rule 7.1, the Government opposes this request.

WHEREFORE, Mr. Thomas respectfully requests that this Court hold a hearing and grant him a bond.

Respectfully submitted,

**FEDERAL COMMUNITY DEFENDER**

s/Leon A. Parker
LEON A. PARKER
Attorney for Mr. Davis
613 Abbott Street, Suite 500
Detroit, Michigan 48226
(313) 967-5542
E-mail:  leon_parker@fd.org

Dated:  July 14, 2022

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                              CASE NO. 22-cr-30304

v.

SHELDON AVERY THOMAS,

       Defendant,

_____/

## BRIEF IN SUPPORT OF MOTION FOR REVOCATION OF DETENTION ORDER AND RELEASE ON BOND

### A. STANDARD OF REVIEW

Title 18 U.S.C. 3145 (c) provides for the review of a detention order upon motion of the defendant. On such a motion, the District Court will conduct a de novo review of the bond issue. *United States v. Hazime*, 762 F.2d 34 (6th Cir. 1985). Moreover, under Local Rule 57.2 , such a review is properly before the presiding Article III duty judge on the date the bond order was entered.

## B. THE BAIL REFORM ACT

The Bail Reform Act, 18 U.S.C. § 3142€, provides that detention is only appropriate when the court finds that no condition or combination of conditions can reasonably ensure the appearance of the defendant as required and the safety of any other person or the community. This section is based on the understanding "that in our society, liberty is the norm and detention prior to trial, or without trial, is the carefully limited exception." *United States v. Bell*, 673 F. Supp. 1429 ( E.D. Mich. 1987), citing *United States v. Salerno*, 107 S. Ct. 2095 (1987). Congress envisioned the pretrial detention of only a fraction of accused individuals awaiting trial. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). The structure of the statute mandates every form release be considered before detention may be imposed. *Id*., at 892.

Section 3142 sets out the factors that *shall* be considered in determining "whether there are conditions of release that will reasonable assure the appearance of the person as required and the safety of any other person and the community." The factors include : " nature and circumstance of the offense charged," " the weight of the evidence against" relating to risk of flight and danger to the community, " the history and characteristics" of the Defendant, and " the nature and seriousness of the

danger to any person or the community that would be posed by the Defendant's release. " 18 U.S.C. § 3142(g)(1)-(3)(A), (g)(4).

C. **THE COURT CAN FASHION CONDITIONS THAT REASONABLY ASSURE THAT MR. DAVIS WILL NOT POSE A DANGER TO THE COMMUNITY**

1. **Nature and circumstance of offense and weight of evidence**

The complaint filed by the Government alleges that Mr. Thomas procured a firearm on or about June 7, 2022. Further, the complaint alleges that Mr. Thomas provided false information on the requisite ATF Form 4473, specifically, Mr. Thomas allegedly answered "yes" when asked if he was the actual buyer of the firearm. Through investigation, the complaint alleges that said gun was subsequently recovered on July 6, 2022. Specifically, another individual, Mr. Ehmani Davis, allegedly used the firearm in a shooting that resulted in the death of a Detroit Police Officer.

An assessment of the complaint, pretrial services report and the evidence presented by the Government at the prior detention hearing, establish that Mr. Thomas only procured one firearm. ( See Exhibit A, B and C). There is no substantive evidence indicating that Mr. Thomas procured firearms prior to the above incident, and certainly no evidence that Mr. Thomas has a history as a straw purchaser. The government attempts to give undue weight, which is ultimately grounded in speculation, to text messages between Mr. Thomas

and Mr. Davis to suggest that Mr. Thomas may have previously purchased firearms as a straw purchaser. An objective reading of said text at most establishes that Mr. Thomas lost a firearm or had a firearm stolen, there is nothing within said communication that indicates prior illegal conduct. (Exhibit D).

     Moreover, it is the undersigned's position that undue weight was given to the Government's ultimately speculative argument that Mr. Thomas could reasonably foresee that Mr. Davis would use the aforementioned firearm for violent purposes. Specifically, the Government relies upon statements allegedly made by Mr. Thomas when he was interrogated by ATF agents and text messages between Thomas and Davis. The government alleges that upon being arrested and mirandized, Mr. Thomas informed agents that him and Davis were "best friends" and that Mr. Davis was "not to be fucked with." The Government maintains that said statements establish that Mr. Thomas knew Mr. Davis was a violent person. Nothing within said statements communicates that Mr. Davis was intending to or planning to use the firearm for violent purposes. The framing of "not to be fucked with" is open to interpretation, and is not indicative of consciousness of future crimes.

     Further, the Government attempts to suggest that Mr. Thomas was aware that Mr. Davis was involved in a disorderly conduct incident. ( Exhibit

E) .An analysis of the facts fail to establish that Mr. Thomas was present or witnessed said incident. Additionally, there is no indication that Mr. Thomas was aware of the particulars of what occurred in said disorderly conduct incident involving Mr. Davis. Finally, it is the undersigned's position that the magistrate court gave undue weight to the fact that Mr. Davis texted Mr. Thomas that he just got out of the "bullpen." (Exhibit F). The Government argues that said communication indicates that Mr. Thomas was aware that Mr. Davis was arrested and at least temporarily detained. Nothing within said communication indicates that Mr. Thomas knew the nature of the offense that Mr. Davis was in the "bullpen" for. For all Mr. Thomas knew, Mr. Davis was detained on a driving offense or something of a non-violent nature.

In essence, the allegations put forward by the Government regarding danger to the community rely in significant part on speculation. The allegations put forward fail to establish that Mr. Thomas knew or could have reasonably foresaw that Mr. Davis would use the firearm in a shooting. An objective , factually based analysis of the complaint suggests that Mr. Thomas purchased  one firearm and provided it to another individual , who was a prohibited person based upon his age, *not prior felonies*. As will be subsequently discussed, the allegations set forth should not carry the day when

weighed against the history and characteristics of Mr. Davis, his communal ties, and his lack of criminal history.

2. **History and Characteristics of Mr. Thomas**

Per the pretrial services report, Mr. Thomas has absolutely no prior criminal convictions. Mr. Thomas' only interaction with law enforcement stems from a self-defense incident in 2021, where he was not charged. Mr. Thomas is twenty-seven years old, and is currently employed. He resides with his girlfriend, and is welcomed to return there. Moreover, his mother and/or brother are also willing to serve as third party custodians. Mr. Thomas has no passport, and significant ties to the community.

It is salient to emphasize the import of Mr. Thomas's history. Such a history clearly indicates that Mr. Thomas is more than capable of following conditions and abiding by laws/rules. In the undersigned's experience, the vast majority of defendants with similar histories and characteristics who are involved in the purchase of one firearm, are released on bond with conditions. In assessing whether bond is appropriate, this court should be narrowly focused upon the defendant's alleged offense and history, not upon the actions of others, especially where this is no credible information suggesting that the defendant was involved in or could foresee said actions.

Mr. Thomas can and should be released as the statute requires only that the conditions imposed "reasonably assure" the safety of the community. In order to reasonably assure the safety of the community, home detention or home incarceration could be imposed, which would assuage any concerns regarding Mr. Thomas's location or activities.

## Conclusion

In conclusion , counsel respectfully request that the court revoke the detention order and issue a bond with the conditions proposed as well as any other conditions this Court determines will reasonably ensure the safety of the community and Mr. Thomas' appearance.

Respectfully submitted,

                               **FEDERAL COMMUNITY DEFENDER**

                               s/Leon A. Parker
                               LEON A. PARKER
                               Attorney for Mr. Davis
                               613 Abbott Street, Suite 500
                               Detroit, Michigan 48226
                               (313) 967-5542
                               E-mail:  leon_parker@fd.org

Dated:  July 14, 2022